924 F.2d 1060
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clint T. WALKER, Plaintiff-Appellant,
v.
TENNESSEE DEPARTMENT OF CORRECTIONS, R. Medford, Defendants-Appellees.
 No. 90-5075.
 United States Court of Appeals, Sixth Circuit.
 Jan. 31, 1991.
 
 W.D.Tenn., No. 89-02898; Gibbons, J.
 W.D.Tenn.
 AFFIRMED.
 Before BOYCE F. MARTIN, Jr. and KRUPANSKY, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Clint L. Walker appeals from the district court's dismissal of his civil rights complaint filed under 42 U.S.C. Sec. 1983. The defendants include the Tennessee Department of Corrections and a mail clerk at the Fort Pillow State Prison Farm in Henning, Tennessee. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Walker charged the defendants with negligently tampering with legal mail delivered to him at the Fort Pillow prison facility on or about June 22, 1989. The district court determined that the plaintiff had not stated a sufficient claim for relief under Sec. 1983, as the suit was brought by a prison inmate for a government official's negligence. See Daniels v. Williams, 474 U.S. 327 (1986). The district court then dismissed Walker's complaint on the basis that it lacked jurisdiction to consider the suit.
 
 
 3
 Upon review, we conclude that the order dismissing Walker's complaint should be affirmed, but for reasons other than those stated by the district court. Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam). Although the district court correctly stated that mere negligence by a government official is insufficient to support a Sec. 1983 claim, this rule is not jurisdictional. Moreover, Daniels v. Williams was a due process, not a first amendment, case.
 
 
 4
 However, Walker's claim may be dismissed, sua sponte, as it contains no basis in law or fact and is thus frivolous, subject to dismissal pursuant to 28 U.S.C. Sec. 1915(d). Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). Walker has not shown that he has been prejudiced in any legal proceeding as a result of the defendants' acts, or that he was denied meaningful access to the courts in any way due to the defendants' alleged negligence. Bounds v. Smith, 430 U.S. 817, 820 (1977); Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). Therefore, his claim lacks an arguable basis in law.
 
 
 5
 Accordingly, Walker's request for appointment of counsel is denied, and the district court's order dismissing Walker's complaint is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.